RECEIPT #
AMOUNT $ 50 00
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Abud
DATE 1-16-04

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2004 JAN 16  A 11: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

YVONNE ROSMARIN, )
    Plaintiff, )
)
v. )
)
BANK OF AMERICA, a national bank, )
    Defendant )
)

**04 - 1 0 1 0 7 RWZ**

MAGISTRATE JUDGE Dein

## COMPLAINT

### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereafter "FCRA") for Defendant's illegal access and use of her credit profile data. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

### JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3.    Plaintiff is a natural person residing in Arlington, Massachusetts and is a "consumer" as that term is defined by FCRA § 1681a(c).

4.    Defendant Bank of America, is a national bank based in Charlotte, North Carolina and is doing business in Massachusetts. Defendant has engaged, *inter alia*, in the business of issuing credit cards to consumers.

### FACTUAL ALLEGATIONS

5.    Prior to June, 2002, Plaintiff's account with Bank of America was transferred to

another lender and closed.

6.   In May, 2003, Plaintiff received a copy of her Trans Union credit report.  A redacted copy of the relevant page of this document is attached as **Exhibit 1**.

7.   This document reflects that Defendant accessed Plaintiff's credit data in July, October and December, 2002.

8.   Defendant's accessing of Plaintiff's credit data was unlawful.

9.   The referenced inquiry has become a permanent component of the Plaintiff's credit report and is reported to those who ask to review the credit history of the Plaintiff.

10.   Upon information and belief, Defendant agreed and represented in its agreements with the various credit reporting agencies that Defendant would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined in FCRA § 1681b.

11.   Defendant was and is required pursuant to FCRA §§ 1681b, 1681n and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

12.   At no time after Plaintiff's account was transferred to another lender and did Plaintiff ever have a relationship with Defendant of the kind specified under FCRA § 1681b(a)(3).

13.   Plaintiff did not authorize Trans Union to release to Defendant a consumer report of which Plaintiff was the subject

14.   Trans Union has never been ordered by a court of competent jurisdiction to issue a consumer report on Plaintiff to Defendant pursuant to FCRA § 1681b(1).

15.   Defendant  had an affirmative duty to follow reasonable procedures, including

those that would prevent the impermissible accessing of consumer reports.

16.    Reasonable procedures for users include restricting the ability of each of Defendant's agents, contractors and employees to obtain consumer reports on consumers for any impermissible purpose.

17.    The illegal, unlawful and impermissible acquisition and dissemination of Plaintiff's credit data by Defendant violates the FCRA

18.    Defendant's access of Plaintiff's credit data has impaired Plaintiff's future access to credit.

## Statement of Claim -- FCRA

19.    Defendant  willfully, recklessly and/or negligently violated the provisions of the FCRA.  Defendant's violations include, but are not limited to, the following:

a.    Defendant obtained Plaintiff's credit file without a permissible purpose or authorization, in violation of FCRA § 1681b(f)(1);

b.    Defendant obtained Plaintiff's credit file for a purpose other than that certified to Trans Union, in violation of FCRA § 1681b(f)(2);

c.    Defendant used Plaintiff's credit file without a permissible purpose or authorization, in violation of FCRA § 1681b(f)(1);

d.    Defendant used Plaintiff's credit file for a purpose other than that certified to Trans Union, in violation of FCRA § 1681b(f)(2); and

e.    Defendant knowingly and willfully obtained Plaintiff's credit file under false pretenses, in violation of FCRA § 1681q.

20.    The actions of the Defendant described above constituted willful and/or reckless

3

failure to comply with the requirements of the FCRA.

21.    In the alternative to ¶ 20, the actions of the Defendant described above constituted negligent failure to comply with the requirements of the FCRA.

## PLAINTIFF'S DAMAGES

22.    As a result of Defendant's acts and practices described above, the Plaintiff suffered actual damages.

23.    Defendant is liable to Plaintiff for her actual damages, statutory damages, punitive damages, expenses, costs and attorney's fees pursuant to FCRA § 1681n.

24.    In the alternative to ¶ 23, if the Defendant's conduct is negligent, Defendant is liable to Plaintiff for her actual damages, expenses, costs and attorney's fees pursuant to FCRA § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Enter judgment for the Plaintiff against Defendant in the amount of her actual damages, or statutory damages of $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n;

B.    In the alternative to A above, if the Defendant's conduct is negligent, enter judgment for the Plaintiff against Defendant in the amount of her actual damages pursuant to 15 U.S.C. § 1681o;

C.    Enter judgment for the Plaintiff against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

D.    Award the Plaintiff her expenses, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, or in the alternative, §1681o;

E.    Grant such other and further relief as may be just and proper.

4

Dated: January 10, 2004

Yvonne Rosmarin, Plaintiff
by her Attorney,

Yvonne W. Rosmarin
BBO #566428
58 Medford Street
Arlington, MA 02174
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

Yvonne W. Rosmarin